[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14132
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00056-GKS-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IBRAHIM ISSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 19, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ibrahim Issa appeals his conviction for conspiring to pass, utter, possess, or conceal counterfeit currency of the United States. 18 U.S.C. §§ 371, 472. Issa challenges the denial of his motion for a judgment of acquittal. We affirm.

Issa showed an employee of his cellular telephone store whom he had befriended, Myron Daugherty, numerous counterfeit $100 bills packaged in an envelope. Issa divulged that he, his father, and his uncle, Jimmy Farhat, had purchased the counterfeit bills and passed some of it through his father's check-cashing store in Jacksonville, Florida, and that Issa had been safeguarding the bills for Farhat, who planned to retrieve the envelope later that day and deliver it to a person in Sarasota. Issa handled the counterfeit bills wearing rubber gloves, he explained, to avoid leaving fingerprints, and he instructed Daugherty not to touch the envelope before placing it inside a closet in the store. The envelope remained at the store overnight.

The next day, Daugherty took several of the counterfeit bills, five of which he used to purchase a video game system advertised on Craigslist by a young college student. Daugherty identified himself as "Lance" to the student, who happened to record the number on Daugherty's license plate. Later, Daugherty regretted "ripping the kid off" and called the student to return the game system. When Daugherty told the student that the bills were counterfeit, the student responded that he had given some of the bills to an agent of the United States

2

Secret Service, Charles Johnsten.  Daugherty next attempted to use a counterfeit bill at a restaurant, but the restaurant refused to accept the bill.

Agent Johnsten called Daugherty, who identified himself falsely as "Lance" and concocted a story that he had not known the bills were counterfeit when they were given to him.  A few days after Daugherty failed to appear for an interview at the Secret Service office, Johnsten visited Issa's store, where Daugherty confessed to using counterfeit bills that Issa had been holding for Farhat.  Daugherty turned over $8,700 in counterfeit bills; repeated the story told him by Issa; and then lured Issa to the store using a false tale about an emergency in Daugherty's family.

Issa agreed to an immediate interview and admitted to holding the counterfeit bills for a friend, whom he refused to identify.  Issa said he could tell the bills were counterfeit because they were "a little whiter" than genuine bills.  After Johnsten left the store, Issa instructed Daugherty to deny that he knew Farhat.

During Issa's trial, Daugherty testified that he gave a false name to avoid being arrested on multiple outstanding warrants and to evade prosecution for using counterfeit currency.  Johnsten testified that Daugherty had a prior conviction for embezzlement and multiple warrants for his arrest in Michigan and that Daugherty had confessed to using the counterfeit bills and attempting to disguise his identity.  Johnsten acknowledged that the envelope had not been tested for fingerprints.

3

After the government rested its case, Issa moved for a judgment of acquittal. Fed. R. Crim. P. 29. Issa argued that Daugherty's testimony was incredible; Johnsten's testimony was insufficient to support a conviction; and forensic evidence was lacking to connect him to the counterfeit bills. The district court denied Issa's motion.

The jury convicted Issa of conspiring to pass, utter, possess, or conceal counterfeit currency of the United States. See 18 U.S.C. §§ 371, 472. The jury acquitted Issa of a second charge for possessing counterfeit currency. See id. § 2, 472. The district court sentenced Issa to eight months of imprisonment, followed by one year of supervised release.

Issa argues that the district court should have granted his motion for a judgment of acquittal, but we disagree. Viewed in the light most favorable to the prosecution, the government proved that Issa knowingly agreed with at least one other person to pass, utter, possess, or conceal counterfeit currency and that Issa committed an overt act in furtherance of that conspiracy. See id. §§ 371, 472. Issa admitted to a federal agent that he was storing a large quantity of counterfeit bills for another person. See United States v. Schlei, 122 F.3d 944, 975 (11th Cir. 1997) (concluding that possession of a counterfeit bank note was an overt act in furtherance of a conspiracy to possess and deliver false bank notes). Issa's admission, his refusal to disclose the source of the bills, his control over a large

4

quantity of bills, and his segregation of the counterfeit bills from his store funds all lent credence to Daugherty's testimony that Issa had acquired the bills with family members in a scheme to obtain and then distribute counterfeit bills. See United States v. Sink, 586 F.2d 1041, 1049–50 (5th Cir. 1978) (affirming convictions for conspiracy to import, possession, and passing of counterfeit bank notes when defendant transported, used, concealed, and was found in possession of counterfeit notes); see also United States v. Guida, 792 F.2d 1087, 1097 (11th Cir. 1986) ("[A]ttempts to segregate . . . genuine currency from . . . counterfeit currency . . . [is] indicative of . . . guilty knowledge."). Issa challenges Daugherty's credibility, but "credibility determinations [rest within] the exclusive province of the jury," and Issa does not argue that Daugherty's testimony is "unbelievable on its face." See United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997). Issa argues that the jury's decision to acquit him of possessing counterfeit currency undermines his conviction, but "jury verdicts are insulated from review on the ground that they are inconsistent," United States v. Mitchell, 146 F.3d 1338, 1344 (11th Cir. 1998) (internal quotations, alteration, and citation omitted). The district court did not err by denying Issa's motion for a judgment of acquittal.

We **AFFIRM** Issa's conviction.